UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -vs-                                                                                               22-CR-00259 (LDH)

SUNG SOO (STEVE) CHON,

        Defendant.
------------------------------------------------------------X

## MOTION FOR EARLY TERMINATION OF PROBATION

Defendant Steve Chon respectfully moves this Court for an Order for early termination of probation pursuant to 18 U.S.C. § 3564(c) and Fed. R. Crim. P 32.1(c). The Probation Department and the Department of Justice (DOJ) do not oppose this motion, and counsel for DOJ indicated to defense counsel that the government defers to the Court in connection with this request.

## RELEVANT BACKGROUND

On January 26, 2024, the Court sentenced Mr. Chon to a two-year term of probation in connection with his plea of guilty to a single count of failure to collect and pay over federal payroll taxes in violation of 26 U.S.C. § 7202. The Court also ordered that Mr. Chon pay restitution in the amount of $199,238.00, a fine in the amount of $25,000.00, and a special assessment in the amount of $100.00. Lastly, the Court ordered that Mr. Chon complete 150 hours of community service during his probationary period.

Shortly after his sentencing, Mr. Chon remitted the full amount of restitution to the IRS, remitted the fine amount to the Clerk of Court and paid the special assessment. On April 23, 2024, the U.S. Attorney's Office filed a Satisfaction of Judgment, confirming that Mr. Chon had promptly complied with all the financial components of the Court's sentence. *See* ECF No. 27.

In addition to satisfying the financial conditions described above, Mr. Chon almost immediately began his community service following his sentencing. Specifically, he worked at Island Harvest Food Bank in Melville ("Island Harvest"), where he handled food distribution and truck loading. Island Harvest is a large hunger-relief non-profit organization that works to end hunger and reduce food waste on Long Island (where Mr. Chon resides). Mr. Chon's service with Island Harvest exceeded the 150 hours ordered by the Court and the organization described his overall performance as "outstanding" in reports and time sheets provided to the Probation Department.

Beyond the mandated community service, Mr. Chon has used his time on probation productively. He has developed a plan for an aviation resort in Pennsylvania and is currently implementing a full renovation of a spa facility in Texas, which will require him to relocate to Texas for several months to oversee the project. Mr. Chon has grown his company, hired more employees, complied with all terms of his probation, and has remained a productive member of his community. Even before his sentencing, Mr. Chon relocated to Virginia (with Pretrial Services' permission) to oversee the construction of a new spa facility. While on probation, Mr. Chon has traveled abroad on two occasions and returned to the United States without incident. Approximately six months ago Mr. Chon was transferred to the Probation Department's Low-Intensity Unit, indicating that Probation did not perceive Mr. Chon to pose a risk of engaging in criminal conduct or any other conduct that would violate any of his probation conditions.

In light of all of these circumstances, including Mr. Chon's excellent behavior while on probation and good community citizenship, the lack of a need for further punitive action or deterrent effect, together with Mr. Chon's need to relocate to Texas for the renovation project

noted above, including needed business travels, Mr. Chon respectfully asks this Court to terminate the remainder of his probation.

## ARGUMENT

A district court may terminate a term of probation in the case of a felony if, after the expiration of one year, and after consideration of the applicable factors set forth in 18 U.S.C. § 3553(a), "[the court] is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). Early termination is appropriate in cases where circumstances, "for instance, exceptionally good behavior by the defendant . . . will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Noel*, 18-cr-60 (PKC), 2021 WL 4033769 at *1 (E.D.N.Y. 2021) (terminating probation upon finding of finding defendant's "extraordinary post-conviction rehabilitation"); *United States v. King*, No. 07 Cr. 1143(DC), 2012 WL 1382436 at *2 (S.D.N.Y. 2012) (terminating probation of a veteran suffering from PTSD upon finding of "significant progress in his rehabilitation"); *United States v. Schuster*, No. 1 CR. 67 (TPG), 2002 WL 31098493 (S.D.N.Y. 2002) (terminating three-year probation after one year on finding "defendant has been penalized enough").

Section 3564(c) directs courts confronted with motions for early termination of probation to consider the same factors they considered in originally imposing such terms under 18 U.S.C. § 3553(a). Those factors are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(l); the need to reflect the seriousness of the offense, 18 U.S.C. § 3553(a)(2)(A); the need for deterrence, 18 U.S.C. § 3553(a)(2)(B); the need to protect the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(2)(C); the need to

provide the defendant with training, medical care or correctional treatment, 18 U.S.C. § 3553(a)(2)(D); the kinds of sentences and the sentencing range established by the Guidelines, 18 U.S.C. § 3553(a)(4); any pertinent policy statements in the Guidelines, 18 U.S.C. § 3553(a)(5); the need to avoid unwarranted sentencing disparities, 18 U.S.C. § 3553(a)(6); and the need to provide restitution, 18 U.S.C. § 3553(a)(7).

We respectfully submit that Mr. Chon's conduct and the interests of justice warrant terminating his probation and discharging him at this time. With respect to his conduct, Mr. Chon has fully paid the fine and special assessment imposed at sentencing, cooperated with both the IRS and Probation, complied with all other terms and conditions of his sentence and his probation, and remitted the full amount of restitution owed to the IRS.

Beyond complying with the terms of his probation, Mr. Chon has taken steps to reclaim his position as a leader and trusted person within the Queens community (where his primary business and offices are located) and has even initiated new business projects in other areas, creating new jobs. He continues to be a supportive father and husband. He also continues to support those working at his companies, and he continues to help those in his community.

Additionally, the statutory factors described above favor early termination of probation. Specifically:

- The nature and circumstances of the offense and the history and characteristics of Mr. Chon do not suggest any need for further supervision;

- There is no need for further deterrence;

- There is no need to protect the public from any risk of further crimes by him;

- There is no need to provide him with training, medical care or correctional treatment;

- Early termination is consistent with the statutory provision allowing termination after one year of probation and the Eastern District Probation Department policy of supporting early termination (in appropriate cases) after 18 months of probation;

- Terminating his supervision would not create any unwarranted sentencing disparities;

- There is no need to provide restitution, as he has fully paid his fine and other financial obligations imposed at sentencing.

Mr. Chon has served approximately 18 months of his two-year probation term without incident and in full compliance with all terms and conditions. He is not at risk of committing additional crimes. He is reminded daily of just how much he suffered—financially, reputationally, and emotionally—because of the conduct that led to this case. Accordingly, there is no particularized need to punish Mr. Chon further, nor can continuing his probation provide further deterrent effect to Mr. Chon. *See Schuster*, 2002 WL 31098493 ("[D]efendant has been penalized enough"). Lastly, as noted above, Mr. Chon is now working on a full renovation project based in Texas and needs to reside there for an extended period to oversee completion of the project. Continuing probation will require that Mr. Chon's supervision be transferred to the Probation Department in Northern District of Texas, or worse, will preclude him from being on-site for the project because he may be required to reside in this District. In other words, continued probation will only hold Mr. Chon back from fully achieving his potential in this next chapter of his life.

Under the circumstances, another six months of probation is "inappropriately tailored to serve the general punishment goals of section 3553(a)," *Lussier,* 104 F.3d at 36, and termination of the remainder of the probation sentence is warranted. Lastly, as noted above, neither the Probation Department nor the DOJ opposes early termination in this case.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court terminate Mr. Chon's term of probation at this time.

Respectfully submitted,

Dated: September 5, 2025

> */s/ Brian P. Ketcham*
> Brian P. Ketcham
> KETCHAM LAW PLLC
> 52 Duane Street, 7th Floor
> New York, NY 10007
> Tel: (212) 518-6380
> bk@ketchampllc.com
>
> *Counsel for Defendant Steve Chon*